BAKER v DEPARTMENT OF MILITARY AFFAIRS

Docket No. 65758. Submitted February 7, 1983, at Lansing.—Decided May 4, 1983.

Howard Baker brought an action in the Court of Claims against the Department of Military Affairs for an increase in his state military retirement pay. Plaintiff served over 43 years with the armed forces. Of that time, over 42 years were spent in active service with the Michigan National Guard. By October 14, 1968, plaintiff had spent 28 years in the armed forces. Federal law required that, after 28 years of commissioned service, an officer such as plaintiff must either retire or be promoted. Since plaintiff was only 48 years old at the time and did not wish to retire, and since there were no promotional vacancies available to a commissioned officer of his grade, lieutenant colonel, plaintiff submitted his resignation as a lieutenant colonel and accepted an appointment as chief warrant officer, a lower rank than lieutenant colonel. Plaintiff reached 60 years of age on November 10, 1979, and was honorably discharged from the Michigan National Guard due to age. Plaintiff received United States Army Retirement pay based on the highest rank that he obtained, lieutenant colonel. However, he receives state military retirement pay based on his pay at retirement, the pay of a chief warrant officer. The Court of Claims, James R. Giddings, J., determined his state retirement to have been correctly calculated. Plaintiff appealed. *Held:*

The statutes providing for retirement pay for state military personnel are unambiguous and provide for retirement pay to be calculated based on pay at retirement.

Affirmed.

ARMED SERVICES — STATUTES — JUDICIAL CONSTRUCTION.

No further interpretation or construction is warranted where a statute is unambiguous on its face; the statutes providing for retirement pay for state military personnel are unambiguous (MCL 32.49, 32.831; MSA 4.640[1], 4.678[431]).

REFERENCES FOR POINTS IN HEADNOTE
54 Am Jur 2d, Military and Civil Defense § 170.
73 Am Jur 2d, Statutes § 194.

*Harlon Mark,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Robert S. Welliver,* Assistant Attorney General, for defendant.

Before: Danhof, C.J., and V. J. Brennan and N. A. Baguley,* JJ.

Per Curiam. Plaintiff appeals as of right from a Court of Claims judgment dismissing his suit for increased state military retirement pay.

The facts of this case are not in dispute. Plaintiff served over 43 years with the armed forces. Of that time, over 42 years were spent in active service with the Michigan National Guard.

By October 14, 1968, plaintiff had spent 28 years in the armed forces. Federal law required that, after 28 years of commissioned service, an officer such as plaintiff must either retire or be promoted. Since plaintiff was only 48 years old at the time and did not wish to retire, and since there were no promotional vacancies available to a commissioned officer of his grade, lieutenant colonel, plaintiff submitted his resignation as a lieutenant colonel and accepted an appointment as chief warrant officer W-2, a lower rank than lieutenant colonel. Plaintiff reached 60 years of age on November 10, 1979, and was honorably discharged from the Michigan National Guard due to age. Plaintiff currently receives United States Army Retirement pay based on the highest rank that he obtained, *i.e.,* lieutenant colonel. However, he receives state military retirement pay based on his pay at retirement, *i.e.,* the pay of a chief warrant officer.

Plaintiff commenced this action on September

---

* Circuit judge, sitting on the Court of Appeals by assignment.

29, 1980, seeking an increase in his state military retirement pay to that of a lieutenant colonel. In an opinion filed May 19, 1982, the Court of Claims concluded that the Department of Military Affairs had correctly calculated plaintiff's state military retirement pay based on plaintiff's rank at the time of his retirement. We agree with the Court of Claims.

Resolution of this dispute requires an interpretation of the Michigan Military Act, 1967 PA 150; MCL 32.501 *et seq.;* MSA 4.678(101) *et seq.,* and its predecessor statute, the Military Establishment Act, 1909 PA 84; MCL 32.1 *et seq.;* MSA 4.591 *et seq.* Under the Michigan Military Act, officers, warrant officers, and enlisted personnel are retired at the highest rank that they obtained prior to or upon reaching the age of 62. MCL 32.801; MSA 4.678(401). Under MCL 32.801; MSA 4.678(401), the names of retired military personnel are placed on the state military retired list in accordance with the highest rank that they obtained. However, for purposes of calculating retirement pay, several other provisions of the Michigan Military Act govern. For persons who retired before the act became effective and for persons who accumulated 15 years of active service as of June 30, 1967, the act's effective date, state military retirement pay is determined by MCL 32.831; MSA 4.678(431).

The stipulated facts indicate that plaintiff accumulated over 15 years of active service as of June 30, 1967. Accordingly, plaintiff's retirement pay is governed by MCL 32.831; MSA 4.678(431), which provides in pertinent part:

"Personnel of the military establishment who, on the effective date of this act, have been members of the national guard or defense force or both for a period of not less than 15 years, shall receive service credits

earned and shall continue to accrue credits for retirement purposes under the provision of Act No. 84 of the Public Acts of 1909, as amended, which requires 10 years of actual duty service."

The pertinent section of 1909 PA 84, the Military Establishment Act, provides as follows:

"Notwithstanding any other provision of this act any officer of the national guard, including also the adjutant general of the state, who shall have completed not less than 15 years service and who is not less than 64 years of age and who is or has been on actual state duty for not less than 10 years, may be retired with annual pay equal to the product of 2 and 1/2 per centum of the active service annual pay to which entitled at the time of his retirement multiplied by a number equal to the years of his active service, not in excess of 30 years * * *." MCL 32.49; MSA 4.640(1).

Thus, MCL 32.831; MSA 4.678(431) and MCL 32.49; MSA 4.640(1) indicate that plaintiff is entitled to state military retirement pay based on the active service annual pay to which he was entitled at the time of his retirement, *i.e.,* the pay of a chief warrant officer. Plaintiff argues that it is anomalous to place him on the retirement list as a lieutenant colonel, pursuant to MCL 32.801; MSA 4.678(401), and to pay him retirement benefits based on the annual pay of a chief warrant officer, under MCL 32.831; MSA 4.678(431) and MCL 32.49; MSA 4.640(1). Plaintiff contends that faced with this anomaly, this Court should give effect to the applicable federal law, 10 USC 1401, which provides that military retirement pay is based on the monthly pay of the highest rank held by a person at any time. We disagree.

In construing statutes, we are governed by tradi-

tional rules of construction. Thus, if the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Pittsfield Charter Twp v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981). The pertinent portions of the Military Establishment Act and the Michigan Military Act are unambiguous. They clearly provide that plaintiff's state military retirement pay is to be calculated using the pay rate received by plaintiff at the time of his retirement. Accordingly, the Court of Claims judgment is affirmed.

Affirmed.